**MEMORANDUM ENDORSEMENT**

Cook v. Suterland et al

19-cv-2780 (NSR)

The Court reviewed Defendants' attached pre-motion letter, dated September 17, 2019 (ECF No. 15). The Court has also reviewed Plaintiff's attached responses, filed on October 2, 2019 (ECF No. 17), October 24, 2019 (ECF No. 18), and December 2, 2019 (ECF No. 19.) Due to Plaintiff's incarceration, the Court waives the pre-motion conference requirement and grants Defendants leave to file their motion to dismiss with the following briefing schedule: Defendants' moving papers are to be served (not filed) on February 13, 2020; Plaintiff's opposition is to be served (not filed) on March 16, 2020; Defendants' reply is to be served on March 20, 2020.

Defendants' counsel is directed to file all motion documents, including Plaintiff's opposition, on the reply date, March 20, 2020. The parties shall provide two copies of their respective documents to chambers as the documents are served.

Plaintiff's attached motions for summary judgment (ECF Nos. 20 and 21) are premature, and are therefore DENIED without prejudice to renewal at a later stage in the proceedings after sufficient discovery has occurred.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 15, 20, and 21. The Clerk of the Court is further directed to mail a copy of this order to Plaintiff at Plaintiff's last address listed on ECF and to show proof of service on the docket.

Dated: January 14, 2020
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: 1 14 2020



# Orange County
## COUNTY ATTORNEY

**STEVEN M. NEUHAUS**
**County Executive**

**Langdon C. Chapman**
**Orange County Attorney**

**Orange County Government Center**
**255-275 Main Street**
**Goshen, New York  10924**

**Sharon Worthy-Spiegl**
*Deputy County Attorney*

**Municipal Law Unit**

TEL:  (845) 291-3150
FAX: (845) 378-2374

**Family Law Unit**
Tiffany N. Gagliano
*Chief Assistant County Attorney*
*Family Law & Juvenile Justice*

TEL:  (845) 291-2650
FAX: (845) 360-9161

September 17, 2019

**Via ECF**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:  Kevin Cook v. Officer Suterland, et al.,
        Docket No.:  7:19-cv-02780 (NSR)

Dear Judge Román:

     Please be advised that we are the attorneys representing Officer Sutherland, Sheriff Carl DuBois and Officer DeWitt (hereinafter collectively the "County Defendants") in the above matter[1].  We write pursuant to Your Honor's Individual Rules to request a pre-motion conference for purposes of obtaining the Court's permission to file a motion to dismiss plaintiff's complaint in its entirety as against the County Defendants on the grounds specified below, *inter alia*.

     Plaintiff's complaint filed under 42 U.S.C. §1983, specifying constitutional violations under the Fourth and Fourteenth Amendments, alleges that he was subjected to verbal harassment by Officer Sutherland.  Additionally, Plaintiff alleges that during a pat down of his person, Officer DeWitt kept the palm of his hand on his backside for approximately 3 minutes while Officer Sutherland watched.

     "[I]t is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Byng v. Wright*, (No. 09 Civ. 9924 (PKC) (JCF)), 2012 WL 967430 at * 13 (S.D.N.Y. Mar. 20, 2012) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (emphasis added).  An official may not be held liable simply because he or she holds a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

---

[1] Officer Sutherland incorrectly named in the caption as Officer Suterland.
*Service of Process by FAX is not accepted

Specifically, Plaintiff's complaint makes no allegations regarding Defendant DuBois and his personal involvement in the alleged constitutional violations against Plaintiff. Defendant DuBois' mere position as Sheriff of Orange County, with nothing more, is insufficient to allege a §1983 action.

Plaintiff's also complaint fails to state a § 1983 claim for a violation of his rights under the Fourteenth Amendment[2]. *Patterson v. Ponte*, 16-cv-3156 (PAE)(JCF); 2017WL1194489 (S.D.N.Y. March 30, 2017). Plaintiff's allegations of a pat down of his person, which he admits was incidental to a cell search, fails to allege acts by prison officials which are objectively, sufficiently serious, without a legitimate penological purpose, and "undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d 252, 257-58 (2d Cir. 2015); *see also Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) (abuse that is "severe or repetitive" can be objectively, sufficiently serious conduct), *Darnell v. Pineiro*, 849 F.3d 17, 29-35 (2d Cir. 2017) (more lenient standard applies to pre-trial detainees when assessing the subjective prong). Plaintiff's claim of one incident wherein he experienced no violence, injury or humiliation fail to meet the standard. *See McCarroll v. Matteau*, 2010 WL 2346327, *4-5 (N.D.N.Y., May 17, 2010) (insufficient where prison official touched his penis during a pat down); *see also Garcia v. Watts*, 2009 WL 2777085, *6-7 (S.D.N.Y., Sept. 1, 2009) (defendant grabbed plaintiff's buttocks on two occasions and rubbed his penis against plaintiff's buttocks insufficient); *Williams v. Keane*, 1997 WL 527677, *9-11 (S.D.N.Y., Aug. 25, 1997) (insufficient where defendant put his hand down plaintiff's pants and fondled plaintiff's testicles).

Moreover, Plaintiff fails to sufficiently allege a violation under the Fourth Amendment to establish a § 1983 claim as he had no subjective expectation of bodily privacy in a clothed pat frisk search of his person in a correctional setting. Plaintiff's complaint fails to allege that CO DeWitt had no sufficient justification to conduct a pat frisk of his person. In fact, Plaintiff readily concedes that the pat down was done in connection with fight at the facility. *Covino v. Patrissi*, 967 F.2d 73, 78 (2d Cir. 1992) (routine searches of inmates, including strip searches, have long been accepted as not violative of the Fourth Amendment); *see also Eng v. Therrien*, 2008 WL 141794, at *8 (N.D.N.Y. Jan. 11, 2008) (allegations of improper pat frisks, even if true, do not violate the Fourth Amendment). Sufficient justification requires an analysis of, (1) the scope of the particular intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it was conducted." *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016), *see also Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Defendant DeWitts's pat frisk as alleged by Plaintiff, which was conducted outside of his cell and for a specific penological purpose over Plaintiff's clothing was not inherently intrusive and was justified.

Lastly, Plaintiffs' complaint is barred by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). "Moreover, a claim must be completely exhausted prior to

---

[2] At the time of the alleged incident in the complaint, Plaintiff was a pre-trial detainee.
*Service of Process by FAX Is not accepted

commencing suit. It is insufficient to take only limited steps towards exhaustion before commencing suit, or even to exhaust a claim entirely during the pendency of the case." *Schwartz v. Dennison*, 518 F.Supp.2d 560, 568 (S.D.N.Y. 2007). However, as is plainly evident from the face of the Complaint – and the grievances Plaintiff filed with the Court that Plaintiff did not exhaust his administrative remedies with respect to his claims against the County Defendants prior to commencing this action as mandated by the PLRA. In fact, four of the five grievances Plaintiff filed with this Court were filed *after* the complaint was filed and therefore could not have been in compliance with the PLRA.

Thank you for your consideration in this matter.

Respectfully yours,

Carol C. Pierce
Chief Assistant County Attorney

Kevin Cook, Plaintiff *Pro Se*
Orange County Correctional Facility
110 Wells Farm Road
Goshen, New York 10924

①

From - Kevin Cook # 201704986

To: Judge Roman,

Re: Rebut of Sharon W-Spiel
personal request to dismiss
plaintiffs complaint. 9-17-19

1. Plaintiff never stated $£
Sutherland watched and DeWitt
sexually insulted h.m. The
incidents with Sutherland
and DeWitt are separate and
are relative in the sense only
that both were sexually
harassing the Plaintiff.

2. It is Sheriff-Dubois Job
to make sure the Jail is
run according to state policy
procedures and professionalism.
When staff under Sheriff
Dubois distort the rules
and act unprofessionally
with reckless abandon, is
a reflection of his leadership
and unwillingness to maintain
a professional standard.

(7)

Plaintiff did convey this in his complaint.

3. Officer De Witt sexual assault was indeed undertaken to amuse arrest the officer and humiliate the plaintiff. Yes they were doing col searches and strip searches. If the plaintiff is to be strip searched why was De Witt doing his own personal fining ~~these~~ but for personal gratification and the humiliation of the plaintiff. The plaintiff is suffering from mental and emotional distress injury.

4. De Witt had no sufficient justification to conduct a pat frisk which was more than first when knowing the plaintiff was to be strip searched. Which he was right after ☞ what De Witt did. (The no video) when plaintiff stated to sgt compel De Witt had his hand

(3)

Oh his butt Sgt. Cowboll stated Stuff like that indoors around here.)

5. The plaintiff complaint is not about conditions at the jail but about personel acts of its officers. The plaintiff did not exhaust all administrative remedies. When it comes to officer Sutherland plaintiff talked to a different Sargents asking them to have Sutherland stop. All these persons stated they did see nothing wrong and stated policy and procedure says he can stand in front of the med-cart all close up on you to look in your mouth. Policy and procedure state the officer can observe the mouth it says nothing about the officer standing in front of the med-cart invading my space when I'm taking my meds and also saying

(4)

things to me, when I
sought relief of officer
Sutherland actions, the
sexual harassment didn't
decrease but increase
other officers and staff
jumped in, I felt like
they were saying to me
you cant complain about
everybody, I had to tel
my mental health about it
Officer Sutherland I believe
is trying to cause body
harm he has talked to
other inmates, about me
to cause me harm I've
talked to my mental health
worker about that too.
Officer DeWitt act upon
me, was humiliating and
very disturbing, when the
people who are suppose to be
a shield against sexual
aggression, become the sexual
aggressor is mentally
disturbing.

⑤

6. In Orange County Jail you can't walk up to the desk and get a grievance. You have to get it from a sargent.

Whenever the plaintiff asked a sargent for a grievance he was asked to explain why. After explaining why the nurses the plaintiff would be told Exactly to fix or let me look into it by these Sargents nothing changed but the sexual misconduct infact increased.

I had to write my own complaint on notebook paper. I also informed Clarisse Williams my mental health worker about the Endangerus actions and new distrubens that were to me. Before my complaint my complaint was filed be-cause I wasn't getting a grievance. I didn't start getting a grievance until after I complained to my mental health worker.

(6)

The grievance after that was to show an on going situation.

Deputy County Attorney - Sharon W. Spigel points of contention are not valid and her personal request to dismiss complaint be denied.

Sincerely,

Kevin Castle
# 201704926

Note

Kevin Cook #201704986          : Amened Response :

V,

Officer Suterland, et al.,        - Copy sent to Orange C. -

Docket No: 19-CV-2780(NSR)        County Attorney,
                                  - Defendants -

Hon. Nelson S. Roman
United States District Judge

OCT 24 2019

U.S.D.C.
W.P.

Reason: Rebut to Sharon W. Spiegl request
to Judge to dismiss complaint.

1. Plaintiff was subjected verbal and physical
sexual harrassment, by the things officer Suterland
said and him waving his hand where plaintiff
but was;

2. Plaintiff never said Officer Sutherland
watched DeWitt put his hand on plaintiff
backside, that is a complete lie and a
false statement,

3. Officer DeWitt had no sufficient
justification to a pat frisk which was
more than that because plaintiff was being
taken out off cell to be striped searched
and was striped search after he insulted
sexually harrassed and humiliated by patting
plaintiff on each buttocks and resting his
hand on plaintiff butt while he waited
to be taken down stairs to be striped
searched.

De Witts actions were for sole penological purpose to arouse ~~gratify~~ and gratify himself. Plaintiff did bring this to officer Campell's attention.

4. There is no Justification no way no how ~~and~~ for officer De Witts sexual insult upon plaintiff. When plaintiff goes to court they don't pat us down and then say now strip. It don't make sense.

5. Plaintiff did exhaust remedies and tried to ~~x~~ get the issue with Suterland resolved to ~~xx~~ no avail. I was being refused a grievance many times in the name of by telling ~~them~~ why I wanted it let them try to fix it first, to no avail In fact the more I complained the worst it got. I ~~xxx~~ told Clarise Williams the mental health worker about it a couple of times before this action.

6. I did write an grievance in my on hand without a grievance form before this action and the one after is to reflect an ongoing problem.

7. The act officer De Witt committed upon the ~~xx~~ plaintiff ~~x~~ in no way could or be resolved by the Jail, it was an abominable act.

8. The plaintiff is not at issue with the conditions of the Jail but the acts of some of its personel.

9. The plaintiff is at issue with ~~Sher~~ Sheriff Carl Dubois because he ~~does~~ has written the sheriff on two different times complaining about the actions of some of his officers distorting policy and procedure and moral conduct.

10. The Plaintiff would like to note he don't have a problem with a person being homosexual. Plaintiff have a problem with being imposed upon by people in their professional capacity under the pretense of doing their job.

11. The actions and inaction of the defendants has caused Mental and emontional Distress, Anguish and ~~ta~~ because their actions were being done in front of others inmates things were being said to me by some and I felt my life was being put in Jepordy.

12 Officer Suterland is not just standing in front of the med-cart in the way. He also is ~~only~~ engaging you, he asks you about your medication he passing out lab work if you had some done and when you try to ask the nurse something he do the ~~answering~~ answering. Attached is a grievance I wrote 4-5-19. At the bottom it says officer standing in front of ~~a~~ cart (standing in the way) is in accordance ~~to~~ with Policy & Procedure." Policy & Procedure say no~~t~~ such thing. A copy of Policy & Procedure (Med line) attached.

Did not have Policy & Procedure Book in Law Library but Have one in Unit copy not included will send at a later date.

The plaintiff asks that defendants request to dismiss~~ed~~ be denied.

Sincerely,
Kim Cook

New York State Commission of Correction
Inmate Grievance Form
Form SCOC 7032-1 (11/2015)

Facility: Orange County Jail    Housing Location: Delta 2

Name of Inmate: Cook, Kevin    Grievance #: 2019-0089

Brief Description of the Grievance *(Submitted by the grievant within 5 days of occurrence)*
Number of Sheets Attached ( )

my complain is Officer Suterland, officer Warren and maybe one or two others like to stand in front and persenel of the med cart when they escort it. I conceder their modivation in doing this, an reprisha
INVASION

Action requested by the grievant *(Submitted by the grievant within 5 days of occurrence)*:
Number of Additional Sheets Attached (1)

I would like the officer escorting the med-cart to step out the way and let me take my medication.

Grievant Signature: Kevin Cook    Date/Time Submitted: 4-5-19

Receiving Staff Signature:    Date/Time Received: 4-8-19 0075

Investigation Completed by:    17P    Date Completed: 4/15/19

Decision of the Grievance Coordinator    Number of Sheets Attached ( )
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

☐ Non-Grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
☐ Grievance Accepted
☒ Grievance Denied on Merits
☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

Your grievance was investgated and found to be without merit. Officers standing in front of Med cart's checking the mouth of the inmate are Acting in Accordance with policy & Procedure.

Signature of the Grievance Coordinator    17P    Date: 4/15/19

⑰

of the inmates personel space
and homosexual in nature.
~~Ron~~ Nancy Palosi, D-Calif.
Stated at an invent People
has to understand that
in the world we are in
now people's space is
important to them and
what's important is how
they receive it, not
necessarily how you intend
it." I don't know why
it is so hard for who ever
bring the med-cart up
to step out the way

and let me take my med
without them posing
in my space just to be
in my space with me,



COUNTY
FARM RO.
W YORK 1092~

Kevin Cook #2017049186.

Clerk

D2

United States District Court
Southern District of New York
Charles L. Brieut, JR.
Federal Building and United States Court House
300 Quarropas Street
White Plains, New York 10601-4150



OCT 24 2019



U.S. POSTAGE >> PITNEY BOWES

ZIP 10924
02 4W
0000356795  OCT. 19. 2019

$ 000.65°

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_Kevin Cook_ #201704986

Write the full name of each plaintiff or petitioner.

Case No: # 19 CV 02780 (NSR)

-against-

_Officer Suterland_ # 401
_Sheriff, Carl E. Dobis, officer DeW_ # 044

Write the full name of each defendant or respondent.

### NOTICE OF MOTION

PLEASE TAKE NOTICE that _Plaintiff_   _Kevin Cook_ # 201704986

plaintiff or defendant          name of party who is making the motion

requests that the Court:  _Rule(56)_

# Motion of Summary Judgement

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

- ☐ a memorandum of law
- ☑ my own declaration, affirmation, or affidavit
- ☐ the following additional documents:  Cook v. Suterland et al

19-cv-02780-NSR

RECEIVED
DEC 02 2019
U.S.D.C.
WP

_Kevin Cook_

_____    Signature
Dated

_Kevin Cook_   # 201704986
Name    Prison Identification # (if incarcerated)

_110 Wells Farm Rd. Goshen N.Y. 10924_
Address    City    State    Zip Code

_____    _____
Telephone Number (if available)    E-mail Address (if available)

TERRENCE DOUGHTY
Notary Public, State of New York
Registration #01DO6173077
Qualified in Orange County
Commission Expires Sept. 10, 2023

The foregoing document ... ckr ... ledge...
before me this 26 day of November ...

_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kevin Cook #201704986

Fill in above the full name of each plaintiff or petitioner.

Case No. 19 CV 02780-NSR

-against-

Suterland #404
DeWitt #194
Carlo Dobis - Sheriff

Fill in above the full name of each defendant or
respondent.

## DECLARATION

Response to defendant's letter to the
Hon. Nelson S. Rowein to dismiss complaint. Date-9-17-19

Briefly explain above the purpose of the declaration, for example, "In Opposition to Defendant's
Motion for Summary Judgment."

I, Kevin Cook _____, declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

1, The defense claim the plaintiff stated officer
Suterland watched DeWitt place hand on his butt.
The plaintiff made no such claim or statement,
It is untrue and a false statement. The
incident with Suterland and DeWitt happened

Rev. 6/30/16

different times and day.

2. The defense does not dispute the actions of Suterland or Dewitt but claim it was all in the line duty. The defense if it wasn't for the purpose to arouse, gratify or humiliate it was legal. Officer Dewitt took plaintiff out of cell, patted him on both buttocks the put hand on plaintiff but told him to wait and the sent down stairs to be strip searched. The plaintiff told officer Campbell, If he know I'm to be strip searched what was he doing but to gratify, arouse and humiliate.

3. The plaintiff is not complaining about conditions but the actions of the staff.

4. The plaintiff did seek and exhaust all remedies partaining to Suterland to the point I told the ~~mental~~ mental Health worker Clarise Williams two different times I felt like I was being sexually herrassed.

Attach additional pages and documents if necessary.

_Kevin Cook_
Signature

Executed on (date)
_Kevin Cook_
Name

_201704986_
Prison Identification # (if incarcerated)

_110 Wells Farm Rd   Goshen N.Y. 10924_
Address          City          State      Zip Code

Telephone Number (if available)

E-mail Address (if available)

TERRENCE DOUGHTY
Notary Public, State of New York
Registration #01DO6173077
Qualified in Orange County
Commission Expires Sept. 10, 2023

The foregoing document acknowledged
before me this 26 day of November 2019

_____
Notary Public



ORANGE COUNTY JAIL
110 WELLS FARM ROAD
GOSHEN, NEW YORK 10924

Kevin Cook #2017-0493g

Clerk
United States District Court
Southern District of New York
Charles L. Brieant, JR.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

[ Pro SE Intake Unit

RECEIVED
U.S.D.C.
W.P.

ZIP 10924
02 4W
0001355769 NOV. 27. 2019

U.S. POSTAGE >> PITNEY BOWES

$ 000.50°

# United States District Court
## Southern District of New York

Kevin Cook #201704986

~against~

Sheriff- Carl E. Dubois
officer - Suterland #404
officer- DeWitt # 144

Docket No: 19-CV-02780
(NSR)

District Judge: Hon. Nelson S. Roman
Magistrate Judge: Hon. Paul E. Davison

## Motion for Summary Judgement

The plaintiff asks the court to rule based upon the facts.

1. The defense does not dispute the fact that officer Suterland sexually harrassed the plaintiff. The defense arguement is the plaintiff did not exhaust all remedies within the administration. The plaintiff tried and tried and wasn't given a grievance until after plaintiff brought the matter to the attention of the mental health worker.

DEC 0 6 2019
U.S.D.C.
WP

Even then the sexual harassment didn't decrease but increase other officers and staff started to sexually harrass the plaintiff too. The sexual harrassment didn't abate until after this action was brought before the court.

2. The defense does not dispute the fact that officer Dewitt sexually assaulted the plaintiff. The defense arguement is that officer Dewitt get to do unsavory and demorlizing acts under the pretense of doing his job. IF the inmate are being marched out their cells and down to the showers to be striped searched why is Dewitt doing a hands on. And what do Dewitt's hand on the plaintiff butt for two or three minutes have to do with anything but to arouse, gratify (himself) and humiliate the plaintiff.

CRANGE COUNTY JAIL
110 WELLS FARM ROAD
GOSHEN, NEW YORK 10924

Kevin Cook #501704980

Clerk
United States District Court
Southern District of New York
Charles L. Brient JR.
Federal Building And United States Court House
300 Quarropas Street
White Plains, New York 10601

U.S. POSTAGE >> PITNEY BOWES

ZIP 10924
02 4W
0000356796 DEC. 01. 2019

$ 000.50°

RECEIVED
DEC 05 2019
PRO SE OFFICE

United States District Court
Southern District of New York

Kevin Cook #201704986
    -against-
              Docket No: 19-cv-02780-NSR
Officer - Suterland #404
  Officer - DeWitt #144
Sheriff - Carl Debois



District Judge: Hon. Nelson S. Roman
Magistrate Judge: Hon. Paul E. Davison

## Motion for Summary Judgement

The plaintiff asks the court to rule on this matter based on the facts.

1. The defense doesn't dispute the fact that Officer Suterland sexually harrassed the plaintiff. The defense arguement is that the plaintiff didn't seek or exhaust all remedies. The plaintiff tried and tried to have Suterlands actions desisted to no-avail. The plaintiff wasn't given a grievance until the plaintiff brought the matter to the attention of the mental Health worker. And still

the sexual harrassment did not decrease but increased. Other officers started to sexually harrass the plaintiff. Officer DeWitts actions reflect the assertion. The acts of sexual harrassment didnt abate until after this complaint was filed.

2. The defense does not dispute the sexual assault Officer DeWitt acted upon the plaintiff. The defenses arguement is DeWitts act is permitted and within the bounds of him doing his job. If the inmate are being taken out their cells to the showers to be striped searched why is DeWitt doing a hand on the plaintiff. The is no reason why but to demorize the plaintiff and gratify himself. Why do DeWitt have his hand on the plaintiff butt for two to three minutes and what do his hand on the plaintiffs butt got to do with the search or his job period.

DeWitts sexual assaut upon the plaintiff was clearly to arouse and gratify himself and humiliate the plaintiff, Kevin Cook.

Date

Sincerely, Kevin Cook

TERRENCE DOUGHTY
Notary Public, State of New York
Registration #01DO6173077
Qualified in Orange County
Commission Expires Sept 10, 2023

The foregoing ...
before me this 2 day of December 2019

Notary Public

WESTCHESTER NY 105

06 DEC 2019 PM 2 L

FOREVER / USA

USPS
USPS

ORANGE COUNTY JAIL
110 WELLS FARM ROAD
GOSHEN, NEW YORK 10924

Kevin Cook #2017649866

Clerk
United States District Court
Southern District of New York
Charles L. Brieant Jr.
Federal Building And United States Courthouse
300 Quarropas Street
White Plains, New York 10601

10601-415099

RECEIVED
DEC 06 2019
U.S.D.C. Southern District of New York
WP

LEGAL MAIL