UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/6/2021_____
```

KEVIN DEVOTA COOK,

                                   Plaintiff,

              v.

OFFICER SUTERLAND ET AL.,

                                   Defendants.

19 CV 2780 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Kevin Devota Cook ("Plaintiff" or "Cook") commenced this action under 42 U.S.C. § 1983 against Defendants Officer Sutherland,[1] Sheriff Dubois, and Officer Dewitt (collectively, "Defendants") for alleged violations of his right to be free from sexual harassment under the Due Process Clause of the Fourteenth Amendment. (Complaint (ECF No. 2).) Defendants moved to dismiss arguing that (1) Cook has not pled a cognizable Section 1983 violation under the Fourteenth amendment where he fails to allege (a) any personal involvement by Sherriff DuBois, or (b) that Defendant Sutherland or Defendant DeWitt's engaged in conduct that violated his due process rights; (2) Cook's claims are barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e because (a) he failed to exhaust administrative remedies, and (b) he seeks compensatory damages without any claim of physical injury; and (3) even if Cook has stated a plausible claim, Defendants are entitled to qualified immunity.[2] ("Defs.' Mem.") (ECF No. 27).) For the following reasons, Defendants' Motion is GRANTED.

---

[1] Per Defendants, Officer Sutherland's name is misspelled in the Complaint. For clarity, the Court will refer to him using the correct spelling—Sutherland—and will direct the Clerk of Court to correct the spelling of his name on the docket.

[2] Defendants aver that Cook has failed to plead retaliation. (Defs.' Mem at 7-11.) Cook, however, repeatedly avers that he has not alleged retaliation. (ECF Nos. 35 ¶ 2, 34 ¶ 2, 36 ¶ 2). Accordingly, the Court will not address any potential retaliation claim.

## BACKGROUND

The facts herein are drawn from Cook's complaint as well as the "Rebut of Sharon W. Spiel Personal Request to Dismiss Plaintiff's Complaint" ("PMC Rebuttal") (ECF No. 17), First Motion for Summary Judgment ("MSJ 1") (ECF No. 20), Second Motion for Summary Judgment ("MSJ 2") (ECF No. 21), "Response to Carol C. Pierce Declaration to Dismiss" ("Pl.'s Aff.") (ECF Nos. 25 and 34), Response to Defendants' Memorandum ("Opp'n Mem.") (ECF Nos. 25, 35), and the Reply to Defendants' Motion to Dismiss ("Pl.'s Reply") (ECF No. 36). The Court "accepts all well-pleaded facts in the Complaint and Supplemental Pleading as true for the purpose of ruling on a motion to dismiss."[3] *Jackson v. NYS Dep't of Labor,* 709 F.Supp.2d 218, 222 (S.D.N.Y. 2010).

### I.      Sexual Harassment Allegations

Cook alleges that while he was a pre-trial detainee at Orange County Correctional Facility, beginning in or around June 2018, he was subjected to various forms of sexual harassment. First, on at least one occasion Officer Sutherland waved his hands at another officer at the desk to direct his attention towards Plaintiff's buttocks and placed "his right hand in a cup position right behind [Plaintiff's] butt." (Complaint at 5; Sullivan/Sutherland Grievance). When Cook noticed Officer Sutherland engaging in these actions, Officer Sutherland told Plaintiff "oh I don't mean nothing

---

[3] The Court also discusses and relies upon the supplemental documents Cook submitted to the Court including the "Sullivan/Sutherland Grievance" (ECF No. 14 at 2-4) (while this grievance is against "Officer Sutherland," Cook subsequently explained that at the time that's what he thought Officer Sutherland's name was but that the sergeants he complained to knew that he was referring to Officer Sutherland (Opp'n Aff. ¶ 2)); Grievance Number 2019-0088 against Defendant DeWitt submitted by Plaintiff on April 3, 2019 and denied on April 10, 2019 ("DeWitt Grievance") (ECF No. 14 at 10-14); Grievance Number 2019-0089 against Officer Sutherland and others submitted by Plaintiff on April 5, 2019 and denied on April 15, 2019 ("Sutherland Grievance") (ECF No. 14 at 15-17). The Court is permitted to consider these documents herein because such material was "in [the] plaintiff['s] possession," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), and therefore he had "actual notice" of it. *DeLuca v. AccessIT Grp., Inc.*, 695 F.Supp.2d 54, 60 (S.D.N.Y. 2010).

by that." (Complaint at 5; Sullivan/Sutherland Grievance.) Cook alleges that these actions made him feel that he was being sexually harassed. (Complaint at 8; Sullivan/Sutherland Grievance; Sutherland Grievance; Rebuttal to PMC ¶ 1.)

Harassment of Cook by various officers allegedly increased after he complained about Officer Sutherland's conduct. For example, a similar incident occurred when he again spotted a set of two officers looking at his buttocks, speaking with each other while watching his buttocks, and, when they became aware that Cook noticed their actions, the two officers went their separate ways. (Complaint at 6.) Later, when Cook went to see a doctor because of a lump on his buttocks, a nurse told Plaintiff that an officer had to be present for the exam. (Complaint at 7.) During the examination, the nurse told the officer "hey come look at this"—*i.e.*, the lump on Cook's buttocks—and then the officer came in, looked, and said "wow." (*Id.*)

Cook alleges that he subsequently asked six sergeants for grievance forms, reported the behavior of Officer Sutherland and other officers to these six sergeants, and was told by one of the sergeants that the sergeant did not see anything wrong with the behavior Cook described and "you don't have to worry about me hitting [on] you." (Complaint at 8.) Cook alleges that he also reported to a captain that officers stand close to him, blocking the medicine cart, while he is getting his medicine and he feels like he is being sexually harassed. (*Id.*) The captain asked whether any officers said anything sexual to him. When Cook said no, the captain responded that it "sound[s] like they[, *i.e.*, the correctional officers, are] hitting on you" but that it did not constitute sexual harassment. (*Id.*) Cook alleges that the facility staff he reported to said they would "look into it" but never gave him grievance forms. (*Id.*)

Cook further alleges that, after a fight in his unit on March 22, 2019, Officer DeWitt engaged in an excessive pat down. Specifically, he alleges that Officer DeWitt "kept patting on

[Plaintiff's] butt and kept the palm of his on [Plaintiff's] butt while the other officers shook the cell down about 3 minutes," and then another officer strip searched Plaintiff. (*Id.* at 9) He further alleges that Officer DeWitt's actions were "undertaken to arouse gratify the officer and humiliate the plaintiff . . . . If the plaintiff is to be strip searched why was DeWitt doing his own personal thing but for personal gratification and the humiliation of the plaintiff." (PMC Rebuttal ¶ 3.) When Cook complained to a sergeant about Defendant DeWitt after this incident, the sergeant told him "stuff like that happens around here." (Complaint at 9; PMC Rebuttal ¶ 4.)

Cook further alleges that Sheriff "Dobis [sic] is in part responsible [for the harassment] because it is his job to make sure his staff maintain professional conduct while at work." (Complaint at 8; *see also* PMC Rebuttal ¶ 2 ("It is Sheif [sic] Dubois job to make sure the jail is run according to policy . . . when staff under Sheriff Debois [sic] distort the rules and act unprofessionally . . . is a reflection of his leadership and unwillingness to maintain a professional standard.") In his reply, Plaintiff elaborates: "It is not Carl Dubois action in this matter that make him responsible to a degree but his inaction." (Pl.'s Reply ¶¶ 3, 7.)

## II.    Formal Post-Complaint Grievances

Cook alleges that he was finally able to get grievance forms after he filed his Complaint and again complained to a mental health worker. (PMC Rebuttal ¶ 6.) On April 3, 2019, Cook filed a grievance against Defendant DeWitt complaining that, during the March 22, 2019 cell search, Defendant DeWitt had his hand on Plaintiff's buttocks for three minutes during a pat down which was unnecessary because they were already going to strip search him. (DeWitt Grievance.) This grievance was denied on its merits on April 10, 2019. (*Id.*). On April 5, 2019, Cook filed a grievance against Defendant Sutherland complaining that when he and other officers escort the medicine cart they stand too close in a way that is "homosexual in nature" and that he would like

them to stand out of the way so he can take his medication. (Sutherland Grievance.) The form indicates that the grievance was denied on its merits on April 15, 2019. (*Id.*)

## III.     Procedural History

Cook filed this action on March 26, 2019—before the aforementioned grievance forms were filed and denied—seeking $1,000,000 and "the Sheriff to implement some kind of code of conduct." (Complaint at 5.) The Court granted Cook leave to proceed without prepayment of fees (ECF No. 5), and issued an Order of Service, directing the Clerk of Court and the U.S. Marshals to effect service on Plaintiff's behalf (ECF No. 7). Before Defendants answered the complaint, Cook sent the Court a number of documents including copies of the Sullivan/Sutherland, DeWitt and Sutherland grievances. (ECF No. 14.) Defendants moved for leave to file a motion to dismiss. (ECF No. 15.) Cook filed a response and amended response to Defendants' letter (ECF Nos. 17, 18) and two similar, but not identical, motions for summary judgment (ECF Nos. 20, 21). On January 14, 2020, the Court denied without prejudice Cook's motions for summary judgment and granted Defendants leave to file a motion to dismiss. (ECF No. 24.) Defendants filed their moving and reply papers as well as Cook's opposition papers on March 16, 2020. (ECF Nos. 27-35.) Cook subsequently submitted an additional reply. (ECF No. 36.)

## LEGAL STANDARDS

## I.     Motion to Dismiss Under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory

statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers, statements by the plaintiff submitted in response to a defendant's request for a pre-motion conference, and documents that the plaintiff either possessed or knew about and upon which he or she relied in bringing the suit." *Gayot v. Perez*, No. 16-CV-8871 (KMK), 2018 WL 6725331, at *4 (S.D.N.Y. Dec. 21, 2018) (internal quotation marks, alterations, and citations omitted). In other words, the Court may "consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

A court must read a pro se complaint liberally, interpreting it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). A motion to dismiss a pro se complaint should only be granted if the complaint raises no plausible right to relief under any set of facts the plaintiff could plausibly prove. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction of a pro se plaintiff's complaint and submissions is especially important if it includes an allegation of civil rights violations. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Nonetheless, a pro se plaintiff's complaint must

plausibly set out entitlement to relief with sufficient factual allegations. *Jackson*, 709 F. Supp. 2d at 224. A court liberally construing a pro se complaint is not required to re-write it or ignore the lack of an element essential to an entitlement to relief. *Geldzahler v. N.Y. Medical Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## II.    Section 1983

Section 1983 provides, in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

## III.    Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const. amend. XIV. This provision is interpreted to mean that "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment if held in state [or county] custody." *Caiozzo v. Koreman,* 581 F.3d 63, 69 (2d Cir. 2009).

**DISCUSSION**

**I.     Section 1983**

Defendants argue that Plaintiff has failed to state a claim against any of the Defendants under Section 1983. The Court agrees.

*A.     Personal Involvement*

The claim against Sheriff Dubois fails because Plaintiff does not allege that this Defendant was personally involved in any of the alleged harassment. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisor will only be liable under Section 1983 if the plaintiff alleges that the supervisor was personally involved in a constitutional violation by (1) directly participating in the violation; (2) failing to remedy the violation after learning of it through a report or appeal; (3) creating a custom or policy fostering the violation or allowing the custom or policy to continue after learning about it; (4) being grossly negligent in supervising the officers involved; or (5) exhibiting deliberate indifference to the constitutional rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Cook's Complaint and other submissions merely state his belief that it is Sheriff DuBois' responsibility, based on his position, to ensure that his staff conduct themselves professionally. Cook's claim against Sheriff DuBois must fail because he has failed to allege any personal involvement. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (affirming dismissal because "a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority").

B.      *Due Process*

Cook fails to allege that Officers Sutherland and DeWitt engaged in sufficiently severe conduct to state a due process claim. While "sexual abuse by a corrections officer may constitute cruel and unusual punishment if it is 'severe or repetitive' . . . . [t]o show that an incident or series of incidents was serious enough to implicate the Constitution" the Plaintiff needs to allege that the officer made "intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)).

Neither Cook's allegation that Officer Sutherland gestured toward or cupped behind Plaintiff's buttocks nor Officer Sutherland's alleged comments to Cook state a due process violation. *First*, courts have repeatedly held that "verbal harassment of inmates by prison officials, unaccompanied by any injury—no matter how inappropriate, unprofessional, or reprehensible it might seem—does not rise to the level of a [constitutional] violation." *Medina v. Kaplan*, No. 16-CV-7223 (KMK), 2018 WL 797330, at *7 (S.D.N.Y. Feb. 8, 2018) (quoting *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 589 (S.D.N.Y. 2015)); *accord Hendricks v. Boltja*, 20 F. App'x 34, 37 (2d Cir. 2001). *Second*, to the extent that Plaintiff insists he was not merely complaining of verbal harassment, he can only be arguing that Officer Sutherland also pointed at or made gestures towards his buttocks, which also does not suffice. *Keaton v. Ponte*, No. 16 CIV 3063 (KPF), 2017 WL 3382314, at *10 (S.D.N.Y. Aug. 4, 2017) (dismissing claims of sexual abuse against female corrections officers where there was no "illicit physical contact between a corrections officer and an inmate" and the corrections officers' alleged "verbal harassment," encouraging the inmate to use the shower, watching him shower, and making sexual gestures with lipsticks and tongues, "without more, [were] not actionable"); *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 552-53

(E.D.N.Y. 2004) (holding that plaintiff failed to state Section 1983 claim where he alleged that corrections officers subjected him to, among other things, "abusive language, gestures, taunts, jeers, laughter, and harassment"). In other words, Plaintiff's claim against Officer Sutherland "fails because [he] does not allege that [he] suffered any physical injury." *Hare v. Hayden*, No. 09 CIV. 3135 RWS, 2011 WL 1453789, at *7 (S.D.N.Y. Apr. 14, 2011).

Cook's claim against Officer DeWitt also fails because the alleged lingering pat on Plaintiff's buttocks occurred during a pat down that Cook admits was part of a legitimate cell search after a fight broke out. *First*, a lingering touch does not, without more, amount to a constitutional violation. *See Boddie*, 105 F.3d at 861 (holding that "isolated episodes of harassment"—including that an officer squeezed his hand and touched his penis—"are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court"). *Second*, to the extent that Cook alleges that Officer DeWitt's only purpose lingering on Plaintiff's buttocks during the pat down was "to arouse, gratify (himself) and humiliate the plaintiff," that allegation is undermined by Plaintiff's admission that, in light of a fight in his unit, the officers had cause to strip search him—which they did after Officer DeWitt patted him down—and that Cook had a lump on his buttocks (*e.g.* MSJ 1 ¶ 2; MSJ 2 ¶ 2; Opp'n Mem. ¶¶ 2-3). Cook's admission that there was a valid penological interest in searching him—despite his belief that the pat down was unnecessary if he was about to be strip searched—further militates against considering Officer DeWitt's actions a due process violation. *See, e.g., Grant v. Norfleett*, No. 3:17-CV-328 (AWT), 2017 WL 1902150, at *3 (D. Conn. May 9, 2017) (finding that plaintiff failed to state sexual abuse claim against defendants who allegedly subjected him to a body cavity search "for their own sexual gratification"

where search occurred during prisoner's transfer to a restrictive housing unit after he engaged in a fight with his cellmate).

Accordingly, the Court will dismiss Plaintiff's Section 1983 claims.

\*\*\*

Because Cook has failed to state a claim against any of the Defendants, the Court need not address Defendants' additional qualified immunity and PLRA exhaustion[4] and damages arguments.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss the Complaint for failure to state a cognizable Section 1983 claim is GRANTED and the Court dismisses Plaintiff's claims without prejudice.

Plaintiff may file an Amended Complaint consistent with this Opinion on or before March 15, 2021, should he choose to reassert his due process claims. Because the Amended Complaint will completely replace, not supplement, the original Complaint, any facts or claims that Plaintiff

---

[4] The Court notes that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that prior to filing a lawsuit regarding any facet of prison life—including alleged sexual harassment—a prisoner exhaust all "available" remedies, *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016). "[P]roper exhaustion . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and citation omitted). Failure to exhaust administrative remedies prior to bringing suit can only be excused if the administrative remedy is "unavailable," because (1) it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that no ordinary prisoner can discern or navigate it; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Ross*, 136 S. Ct. at 1859-60; *see also Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016) (opining that the foregoing circumstances "do not appear to be exhaustive," but declining to describe what other circumstances might render an otherwise available administrative remedy actually incapable of use).

wishes to remain must be included in the Amended Complaint. An Amended Civil Rights Complaint form is attached to this Opinion.

If Plaintiff elects to file an amended complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond. If Plaintiff does not file an Amended Complaint by March 15, 2021, and he cannot show good cause to excuse such a failure, the claims dismissed without prejudice by this Order will be deemed dismissed with prejudice, and the case will be closed.

The Clerk of the Court is respectfully directed to (1) terminate the motion at ECF No. 27, (2) correct the spelling of Officer Sutherland's name on the docket, (3) mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF, and (4) show service on the docket.

Dated:   February 6, 2021                         SO ORDERED:
         White Plains, New York

                                         _____
                                                NELSON S. ROMÁN
                                             United States District Judge

12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                        Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____