UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN COOK**,**

                                    Plaintiff,

        -against-

OFFICER DEWITT #144,

                                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___02/25/2022___

No. 19 Civ. 2780 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Kevin Cook, a pretrial detainee at the Orange County Correctional Facility, brings this action under 42 U.S.C. § 1943, alleging that Defendant Officer Dewitt kept the palm of his hand on his buttocks for approximately three minutes during a pat-down, in violation of his right to be free from sexual harassment under the Due Process Clause of the Fourteenth Amendment. (Am. Compl., ECF No. 42.) Presently pending before the Court is Defendant's motion to dismiss *pro se* Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 46.) *Pro se* Plaintiff failed to submit any opposition to the motion. For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## BACKGROUND

The following facts are derived from the Amended Complaint and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.

## I.    Factual Background

*Pro se* Plaintiff claims that, on an unspecified date, Defendant placed him on the wall for a pat-down while other officers at the correctional facility were searching his cell. (Am. Compl. at 4.) Defendant then patted down *pro se* Plaintiff's backside. (*Id.*) *Pro se* Plaintiff turned around after he thought Defendant had finished patting him down, but Defendant told him to turn around again. (*Id.*) Defendant then proceeded to "palm [*pro se* Plaintiff's] butt for two or three minutes"

while he stood by the wall. (*Id.*) At some unspecified point thereafter, *pro se* Plaintiff complained to one of Defendant's superiors about the incident, who only replied that "stuff like that happens around here." (*Id.*) As relief, *pro se* Plaintiff seeks $1,000,000 in punitive damages for his alleged emotional and mental injury. (*Id.* at 5.)

## II.     Procedural Background

On March 26, 2019, *pro se* Plaintiff filed his original Complaint against Defendant and others (who have since been terminated from this action), alleging violations of his right to be free from sexual harassment under the Due Process Clause of the Fourteenth Amendment. (Compl., ECF No. 2.) After Defendant and the others moved to dismiss Plaintiff's Complaint, the Court dismissed all of Plaintiff's claims without prejudice and with leave to replead on February 6, 2021. (ECF No. 40.)

*Pro se* Plaintiff filed his Amended Complaint on March 2, 2021, only alleging the instant claim against Defendant. (ECF No. 42.) On March 8, 2021, Defendant sought leave to file a motion to dismiss the Amended Complaint, which the Court subsequently granted and issued a briefing schedule. (ECF Nos. 43 & 45.) On June 11, 2021, Defendant filed his notice of motion (ECF No. 46), accompanying declaration (ECF No. 47), memorandum in support ("Motion," ECF No. 48), and a reply declaration in which Defendant's counsel asserts that *pro se* Plaintiff never served any opposition (ECF No. 50). A review of the docket shows that *pro se* Plaintiff was served with all of the Court's orders and Defendant's briefing relevant to the instant motion. (*See* ECF Nos. 44, 45, 49, & 51.)

## LEGAL STANDARD

### I.   Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's

favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

*Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* complaints are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## II.  42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United

States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

The Court liberally construes *pro se* Plaintiff's Amended Complaint to assert the exact same claim under 42 U.S.C. § 1983 that he alleged against Defendant in his original Complaint and that the Court dismissed for failure to state a claim—namely, for a violation of his right to be free from sexual harassment under the Due Process Clause of the Fourteenth Amendment. (*Compare* Compl. at 9; *with* Am. Comp at 4.)

Defendant argues that the Court should dismiss the Amended Complaint with prejudice because *pro se* Plaintiff has simply regurgitated the same futile claim from his original Complaint that the Court previously dismissed. (Mot. at 9–11.) In view thereof, the Court finds that the "law of the case" doctrine is applicable in determining whether *pro se* Plaintiff's Amended Complaint survives Defendant's motion to dismiss.

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*; *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) ("The doctrine expresses, in shorthand fashion, a practice of courts generally not to reconsider that which has already been decided. But it does not purport to be a legally binding limitation on the court's authority to reconsider such matters."). However, "[a] court's reconsideration of its own earlier decision in a case" requires "compelling circumstances, consisting principally of (1) an intervening change in

4

controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Carr*, 557 F.3d at 102.

Here, a review of the Complaint and Amended Complaint reveals that Defendant is correct in that the facts alleged in both pleadings are substantially the same with some minor variations. Further, there has been no intervening change in controlling law and *pro se* Plaintiff advances no new evidence. Moreover, *pro se* Plaintiff failed to argue that there was a clear error of law in the Court's prior rulings in this case.

Accordingly, because the main issue before the Court is whether *pro se* Plaintiff cured the defects in his claim against Defendant, the Court finds that its prior rulings in dismissing *pro se* Plaintiff's original Complaint are still applicable in determining whether the Amended Complaint survives Defendant's motion to dismiss. After due consideration, the Court agrees with Defendant that *pro se* Plaintiff's Amended Complaint must be dismissed with prejudice.

I.    ***Pro se* Plaintiff failed to cure the defects of his claim against Defendant**

The Second Circuit has previously held that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schneider,* 105 F.3d 857, 860–61 (2d Cir. 1997). Because *pro se* Plaintiff was a pretrial detainee at the time of the search, the Court must analyze his claim under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Ordinarily, however, the standard applied under either clause is nearly identical for these types of claims. *See Caiozzo v. Koreman,* 581 F.3d 63, 69, 72 (2d Cir. 2009).

To state a traditional Eighth Amendment claim, a plaintiff must allege that (1) the alleged

deprivation is "sufficiently serious" under an objective standard; and that (2) the charged officials acted, subjectively, with a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). However, the Supreme Court has held that, for claims involving pretrial detainees in particular, "the appropriate standard . . . is solely an objective one." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). As such, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable," *id.* and "need not demonstrate that [the] officer was subjectively aware that his use of force was unreasonable," *Ross v. Correction Officers John & Jane Does 1–5,* 610 F. App'x 75, 76 n. 1 (2d Cir. 2015).

In cases involving strip searches or pat frisks, "the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d 252, 257–58 (2d Cir. 2015) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (explaining that the Eighth Amendment analysis turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (internal quotation marks omitted)))." An officer "[c]onducting a search does not violate an inmate's constitutional rights as long as the officer had no intention of humiliating the inmate or deriving sexual arousal or gratification from the contact. But a search may not be undertaken maliciously or for the purposes of sexually abusing an inmate." *Id.* at 258 (citing *Hudson v. Palmer*, 468 U.S. 517, 528 (1984).

In its prior rulings, the Court determined that *pro se* Plaintiff's claim against Defendant failed because "the alleged lingering pat on [his] buttocks occurred during a pat down that [he] admits was part of a legitimate cell search after a fight broke out." *Cook v. Suterland*, No. 19 CV 2780 (NSR), 2021 WL 429949, at *5 (S.D.N.Y. Feb. 6, 2021). The Court noted that *pro se*

6

Plaintiff's admission that there was a valid legitimate interest in conducting the pat-down militated against considering Defendant's actions a due process violation. *Id.* (citing *Grant v. Norfleett*, No. 3:17-CV-328 (AWT), 2017 WL 1902150, at *3 (D. Conn. May 9, 2017) (finding that plaintiff failed to state sexual abuse claim against defendants who allegedly subjected him to a body cavity search "for their own sexual gratification" where search occurred during prisoner's transfer to a restrictive housing unit after he engaged in a fight with his cellmate).

Here, *pro se* Plaintiff's claim against Defendant in the Amended Complaint fails for the same reasons his claim in the original Complaint failed. Notably, in comparison with his original Complaint, the Amended Complaint omits any allegation indicating that the cell search occurred after a fight broke out. (*Compare* Compl. at 9; *with* Am. Comp at 4.) But nonetheless, the Amended Complaint still alleges that the pat-down occurred as part of a legitimate search of his cell. Moreover, the Amended Complaint contains no facts indicating, much less suggesting, that either the cell search or pat-down were not legitimate, or that Defendant conducted the pat-down to derive sexual arousal or gratification from the contact. Therefore, *pro se* Plaintiff failed to cure the defects for which the Court dismissed his original claim against Defendant.

## II.    Leave to Amend

"The Second Circuit has instructed courts not to dismiss a complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Howard v. Brown*, No. 15-CV-09930 (ER), 2018 WL 3611986, at *6 (S.D.N.Y. July 26, 2018) (quoting *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013)). However, where "the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." *Coon v. Benson*, No. 09-CV-00230 (SCR) (LMS), 2010 WL 769226, at *4 (S.D.N.Y. Mar. 8, 2010). Here, the Court previously

detailed the deficiencies in his original Complaint and provided *pro se* Plaintiff leave to amend. However, his Amended Complaint fails to address these exact same deficiencies. Therefore, *pro se* Plaintiff's claims must be dismissed with prejudice without leave to replead.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (ECF No. 46) and DISMISSES *pro se* Plaintiff's Amended Complaint in its entirety without leave to replead. The Clerk of the Court is directed to terminate the motion at ECF No. 46, to enter judgment accordingly, and to close the case. The Clerk of the Court is moreover directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at his address listed on ECF and file proof of service on the docket.

Dated: February 25, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge